UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BOBBY W. MCMILLAN,

    Plaintiff,

v.                                                                    Case No. 5:21-cv-156-TKW/MJF

JOHNATHAN HELMES,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Because Plaintiff has failed to prosecute this action and has failed to comply with court orders, the undersigned recommends that the District Court dismiss this action without prejudice.[1]

### I. BACKGROUND

On July 29, 2021, Plaintiff, a pretrial detainee proceeding *pro se*, initiated this section 1983 action against two Defendants. Doc. 1. On August 25, 2021, because Plaintiff's complaint suffered from various defects, the undersigned ordered Plaintiff to file a notice of voluntary dismissal or an amended complaint. Doc. 5. The undersigned imposed a deadline of September 24, 2021 to comply. The undersigned

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

also warned Plaintiff that his failure to comply with the order likely would result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, failure to comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of Florida, and failure to state a claim upon which relief can be granted. *Id.* at 11.

On September 24, 2021, Plaintiff filed an amended complaint. Doc. 7. On October 4, 2021, because Plaintiff's amended complaint violated the Federal Rules of Civil Procedure and the Local Rules, the undersigned ordered Plaintiff to file a notice of voluntary dismissal or a second amended complaint. Doc. 8. The undersigned imposed a deadline of October 25, 2021 to comply. The undersigned again warned Plaintiff that his failure to comply the order likely would result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, failure to comply with the Federal Rules of Civil Procedure and the Local Rules, and failure to state a claim upon which relief can be granted. *Id.* at 9.

On October 19, 2021, Plaintiff filed a second amended complaint. Doc. 9. On October 20, 2021, the undersigned ordered Plaintiff to provide one copy of his complaint so that the United States Marshals Service could attempt to serve Defendant. Doc. 10. The undersigned imposed a deadline of November 19, 2021 to comply. The undersigned warned Plaintiff that his failure to comply with the court's

order likely would result in dismissal of this action for failure to prosecute and failure to comply with an order of the court. *Id.* at 2. Plaintiff did not comply with the order.

On December 2, 2021, the undersigned ordered Plaintiff to explain and show cause why he failed to comply with the undersigned's order of October 20, 2021. Doc. 11. The undersigned imposed a deadline of January 3, 2022 to comply. The undersigned warned Plaintiff that his failure to comply with the order likely would result in dismissal of this action for failure to comply with an order of the court and failure to prosecute. *Id.* As of the date of this report and recommendation, Plaintiff has not complied with the undersigned's order.

## II. Discussion

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *see, e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (noting a court's inherent power to dismiss an action is

not precluded by Fed. R. Civ. P. 41(b)). Courts need not wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with a court order); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

On October 20, 2021, the undersigned ordered Plaintiff to provide one copy of his complaint. Doc. 10. Despite having over two months to comply with the undersigned's order, Plaintiff has not prosecuted this action in any respect. He also has not complied with the undersigned's show-cause order. Doc. 11. For these reasons, the undersigned recommends that this action be dismissed without prejudice.[2]

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice.

---

[2] One order issued by the undersigned was returned to the clerk of the court as "undeliverable." Doc. 12. That, however, does not affect the undersigned's recommendation. Plaintiff is responsible for keeping the clerk of the court apprised of his current address, and his failure to do so here further demonstrates his failure to prosecute this action.

2.     Order the clerk of the court to close this case.

At Pensacola, Florida, this 14th day of January, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**